JS 44
(Rev. 11/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Loretta Anderson

**DEFENDANTS** - City of Dallas, Texas, d.b.a. Communication and Information Services Department Rod Beck, Jacqueline Lee, Madoka Armstrong, Dr. Joel Holiner, Dr. Melvin Berke, Dr. Marvin Clifford (Cliff) Cornette, Holiner Psychiatric Group, Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

*RECEIVED JUN 20 2002 CLERK U.S. DISTRICT COURT N.D. OF TEXAS*

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Loretta Anderson (Pro Se)
P.O. Box 382333
Duncanville, Texas 75138

**ATTORNEYS (IF KNOWN)**
N. Jude Menes, Assistant City Attorney
7 CN City Hall
1500 Marilla
Dallas, Texas 75201   (214) 670-3519

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
■ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
■ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ■ 442 Employment | | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 550 Civil Rights | | | |

**VI. CAUSE OF ACTION** (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

violation of due process

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ $100,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ■ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): None
JUDGE _____   DOCKET NUMBER _____

DATE 6-20-02
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
DALLAS DIVISION

| | |
|---|---|
| LORETTA ANDERSON, §<br>Plaintiff, §<br>§<br>vs. §<br>§<br>CITY OF DALLAS, TEXAS, §<br>d.b.a. Communication and §<br>Information Services Department, §<br>ROD BECK, Individually, §<br>JACQUELINE LEE, Individually, §<br>MADOKA ARMSTRONG, Officially and §<br>Individually §<br>Dr. JOEL HOLINER, Officially and §<br>Individually, §<br>Dr. MELVYN BERKE, Officially and §<br>Individually, §<br>Dr. MARVIN CLIFFORD (Cliff) CORNETTE,§<br>Officially and Individually, and §<br>HOLINER PSYCHIATRIC GROUP, INC., §<br>Defendants. § | CIVIL ACTION NO.<br><br>3-02CV1303-P<br><br>NOTICE TO COURT:<br>substantially same lawsuit<br>currently pending before the<br>Court under Civil Action No.<br>3-01CV0861-R |

## NOTICE OF REMOVAL AND SUPPORTING BRIEF

The City of Dallas ("City"), Rod Beck ("Beck"), Jacqueline Lee ("Lee"), and Dr. Melvyn Berke ("Dr. Berke") (collectively, "Defendants" or "Removing Defendants") remove Loretta Anderson's ("Anderson" or "Plaintiff") recently filed state court action to the federal court.

### I.

### Background of Anderson's Lawsuit

Loretta Anderson was an employee of the City of Dallas until June 27, 2000. On May 7, 2001, Anderson filed a lawsuit in federal court, Civil Action No. 3-01CV0861-R (the "federal lawsuit"), against the City of Dallas, Dr. Melvyn Berke, and several other defendants, including certain City employees. *See* Tab 1, Appendix of Exhibits to Notice of Removal. The federal

lawsuit is based on events and circumstances leading up to the termination of Anderson's employment with the City. *See id.* at 3-8. Among other allegations, Anderson alleged that the defendants denied her certain rights that are guaranteed under federal law. *See id.* at 14-15. On September 18, 2001, the federal court dismissed Anderson's claims against Dr. Berke with prejudice. *See* Tab 4, Appendix of Exhibits to Notice of Removal. The City's motion to dismiss the federal lawsuit is currently pending. *See* Tab 3, Appendix of Exhibits to Notice of Removal.

On March 13, 2002, Anderson filed another lawsuit in state court against the City and Dr. Berke, some of the defendants in her federal lawsuit, and some additional defendants. *See* Original Petition, Doc. No. 2, Index of State Court Documents. Like her federal lawsuit, Anderson's state lawsuit in the 162nd Judicial District Court of Texas, Cause No. 02-02417, is based on the events and circumstances leading up to the termination of her employment on June 27, 2000. *See id.* at 3-11. The state lawsuit focuses on the same facts, time period, and core issues in Anderson's federal action. *See id.* In fact, the factual allegations in the state lawsuit are almost a verbatim reprint of the federal lawsuit.

In her state court petition, Anderson claimed that her due process rights were violated thus: "Denial of due process in appeal of March 1 through March 14, 2000, suspension of 44 hours;" "Denial of due process in the appeal of May 19 – May 25, 1999, for suspension of 44 hours;" "Denial of due process in the appeal of an April 19, 1999, reprimand;" "Denial of due process surrounding need to place Plaintiff on Administrative leave;" and "Denial of due process in the allegations of Plaintiff's threat of violence to self, coworkers and citizens of Dallas." Original Petition, Doc. No. 2, Index of State Court Documents, 15. In that petition, Anderson essentially requested judicial review of her claims on the basis that: "The *federal law* requires

certain procedural protections before [her property] right can be affected. These procedural protections *are guaranteed by the Fourteenth Amendment of the United States Constitution.*" *Id.* at 20 (emphases added).

On May 21, 2002, Anderson attempted to serve process on the City and Dr. Berke. Although Anderson's service of process was defective, the City and Dr. Berke voluntarily appeared in the lawsuit by filing their answers on June 7, 2002. All other defendants, although not properly served, have filed their answers, and either joined in this removal or signed Consent to Removal forms. Along with Notice of Removal, the Removing Defendants have also filed an Appendix of Exhibits to Defendants' Notice of Removal, containing the documents mentioned in this Notice, including the Consent to Removal forms.

## II.

### Argument and Authorities

**The General Removal Statute:**

Federal statute 28 U.S.C. § 1441 governs the removal of civil actions from state to federal court. Specifically, section 1441(b) provides:

> Any civil action of which the district courts [of the United States] have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residency of the parties.

And another federal statute, 28 U.S.C. § 1331, describes the types of cases over which federal district courts have original jurisdiction. Section 1331 provides that federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."

**Case law on federal question:**

Based on section 1331, federal courts, therefore, have original jurisdiction over cases in which there is a federal question. According to federal case law, this federal question jurisdiction exists if federal law is a direct and essential element of the plaintiff's cause of action. *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001); *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). For instance, in *Davis v. Rodriguez*, the Court held that a wrongful termination action was properly removed to federal court because the plaintiff alleged that his termination violated his due process and equal protection rights under the Fourteenth Amendment, even though the plaintiff claimed that he invoked the due process clause merely to buttress his state law claims. 106 F.3d 206, 208-09 (7th Cir. 1997). And in *Ayres v. General Motors Corp.*, the Court held that federal court jurisdiction existed in plaintiff's lawsuit brought under state racketeering law, because the predicate acts alleged in the plaintiff's petition were for violations of federal mail and wire fraud law. 234 F.3d 514, 518-19 (11th 2000). Moreover, a plaintiff may not defeat removal by simply omitting to plead a necessary federal question. *See Franchise Tax. Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22 (1983).

**Anderson's petition alleged federal question:**

Anderson's state court petition clearly indicates her intention to invoke and rely on federal law. Under her cause of action for "Outrageous Conduct," Anderson expressly alleged that the defendants' conduct was a violation of her right to due process of law. Also, Anderson expressly alleged that "federal law requires certain procedural protections before that right can be affected," and that "[t]hese procedural protections are guaranteed by the Fourteenth Amendment

of the United States Constitution." *Id.* at 20. Thus, based on Anderson's own allegation, federal law is a direct and essential element of her cause of action, and her state lawsuit, therefore, presents a "federal question" according to the cases interpreting section 1331. Under the general federal question removal statute, 28 U.S.C. § 1441(b), Anderson's lawsuit is, therefore, removable from state to federal court.

### The All Writs Act:

Removal of Anderson's state lawsuit is also proper under the All Writs Act, 28 U.S.C. § 1651(a). According to this statute, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a); *see U.S. v. New York Tel Co.*, 434 U.S. 159, 172 (1977). Admittedly, the Act does not provide an independent basis for federal jurisdiction. *See Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 937 (9th Cir. 1993). But the Act provides supplemental jurisdiction when the underlying claim is already in federal court. *See In re Fraser*, 75 F. Supp.2d 572, 579 (E.D. Tex. 1999). Thus, a federal court may enjoin or remove actions in state court when necessary to protect its judgment or orders. *See id.*

As already mentioned, Anderson's federal lawsuit is currently pending in the United States District Court, Dallas Division, under Civil Action No. 3-01CV0861-R. That federal lawsuit is against the City, Dr. Berke, and most of the same defendants that are involved in the state lawsuit. The federal lawsuit involves the same case and controversy or the same common nucleus of facts as the state lawsuit that is being removed to this Court. Also, in the federal lawsuit, the Court has issued several orders, including a judgment that dismissed all the claims that Anderson filed against Dr. Berke. Moreover, the Court also denied Anderson's request to

amend her federal complaint to include the additional same persons and causes of action that are now in her state lawsuit.

Under the All Writs Act, this Court should take supplemental jurisdiction of all claims and causes of action asserted in Anderson's state lawsuit, because the Court already has federal question jurisdiction over her federal lawsuit, Civil Action No. 3-01CV0861-R, that is based on the same case and controversy or the same common nucleus of facts in the state lawsuit.

**Notice of Removal is Procedurally Correct:**

This Notice of Removal is procedurally correct, because the defendants have attached a completed civil cover sheet, a supplemental civil cover sheet, a copy of the docket sheet in Cause No. 02-02417-I, and a certificate of Interested persons that complies with Local Rule 3.1(f). Also, the defendants have attached an index of all the pleadings, process, orders, and all other filings from the state court action arranged in chronological order according to the state court filing date, as required by 28 U.S.C.§ 1446(1) and Local Rule 81.1. Moreover, venue is proper in this federal district under 28 U.S.C.§ 1441(a), because the removed action has been pending in a state court that is in this district and division. And the defendants will properly and timely file a copy of this Notice of Removal with the Clerk of the State court in which the action has been pending.

For the reasons discussed above, the Defendants remove Anderson's lawsuit, Cause No. 02-02417-I, from the 162nd Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and respectfully request the Court to grant all other appropriate relief.

Respectfully submitted,

**City Attorney of the City of Dallas**

_____
N. Jude Menes
Assistant City Attorney
State Bar of Texas No. 24004815
Janice S. Moss
Assistant City Attorney
State Bar of Texas No. 14586050
    City Hall 7BN
    1500 Marilla Street
    Dallas, Texas 75201
    Phn: 214-670-3519
    Fax: 214-670-0622
**ATTORNEYS FOR THE CITY OF DALLAS**


**Hermes Sargent Bates, L.L.P.**

_____
Daniel D. Tostrud
State Bar of Texas No. 20146160
Christopher P. Hansen
State Bar of Texas No. 00790818
    1717 Main Street, Suite 3200
    Dallas, Texas 75201
    Phn: 214-658-6500
    Fax: 214-658-6300
**ATTORNEYS FOR DR. MELVYN BERKE**

## CERTIFICATE OF SERVICE

On June 2c, 2002, I sent a copy of this document by certified mail, return receipt requested, to Loretta Anderson (Pro Se Plaintiff), and to all counsel of record in this case as follows:

Loretta Anderson [via certified mail, return receipt requested]
P.O. Box 382333
Duncanville Texas 75138

Daniel Tostrud [via first class mail]
Hermes Sargent Bates, L.L.P.
1717 Main Street, Dallas, Texas 75201

M. Steve Nagle [via first class mail]
Gwinn & Roby
1201 Elm Street, Dallas, Texas 75270

N. Jude Menes